WALLACE, JUDGE:
Claimant, Gloria Vance Cress, seeks payment of the sum of $3,895.00 under a contract of employment with respondent’s West Virginia Northern Community College in Wheeling, West Virginia.
According to the claimant, she was hired by the College on October 16, 1981, for the position of Personnel Director III at a beginning salary of $15,000.00 per year. Her initial contract referred to her position as Personnel Officer III, a Pay Grade 13. The $15,000.00 salary was below even the minimum salary for a Pay Grade 12.
On July 1, 1983, claimant was redefined a Pay Grade 12, and is now claiming the amount allegedly due her during the time she was classified at the higher Pay Grade 13, which represents an underpayment of $3,895.00.
At the hearing, the claimant testified that at the time the job of Personnel Officer III, Grade 13, was offered to her, she was informed that the rate of pay would be $15,000.00 per year. On October 15, 1981, claimant assumed her duties at the College. In February of 1982, she became aware of the general salary schedule for all employees at the College, and discovered that the minimum annual salary for Pay Grade 13 was $17,280.00. Claimant testified that she informed her *217 supervisor of the discrepancy in her salary, and was told it would be rectified.
The following academic year, 1982-83, claimant was reappointed to her position as Personnel Officer III at the same salary and pay grade. Again, claimant brought the matter to the attention of her supervisor, who informed her that the Governor had placed a freeze on salaries, but as soon as funds became available, the mistake would be corrected.
The third academic year, 1983-84, when the same contract of employment was offered to the claimant, she decided not to sign it. Only after viewing copies of two letters given to her by her supervisor, did the claimant sign the contract. Those letters (Claimant’s Exhibits 8 and 9) were written by and between the President of West Virginia Northern Community College and the Chancellor of the West Virginia Board of Regents. That correspondence indicated that the College was in error with regard to the beginning pay rate of three employees, including the claimant. However, the Chancellor’s letter (Claimant’s Exhibit 8) indicated that the position of Personnel Officer was advertised at the $15,000.00 figure, and that all applicants, including Mrs. Cress, were aware of the beginning salary rate.
The letter goes on to say that the pay grade should have been changed in the personnel office, but the change was never made.
From the evidence adduced at the hearing of this case, it is apparent to the Court that a valid contract of employment was entered into by the parties. There was mutual agreement to the same terms, a “meeting of the minds” with respect to the conditions of employment, including the salary issue. The basic rule in the construction of contracts is that the intention of the parties governs, as expressed by them in the words they have used. Columbia Gas Transmission Corp. v. E. I. du Pont de Nemours & Co., 217 S.E.2d 919 (W.Va. 1975).
Claimant’s argument is based upon the fact that the pay grade number of her job was not consistent with the salary schedule. However, the claimant did not become aware of the discrepancy until after she accepted the offer of employment. At the time the contract was made, there was agreement between the parties regarding the terms of employment. The Court can therefore find no liability on the part of the respondent, and must deny the claim.
Claim disallowed.